UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAUNE THOMPSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 03-CV-0838-CVE-FHM |
| ) | |
| BIOS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the Motion for Summary Judgment Against Plaintiffs Crane, Snoddy and Anderson and for Partial Summary Judgment on the Question of Willfulness (Dkt. # 17).

**I.**

This case is one of many actions that have arisen in the wake of a class action lawsuit filed in 1985 which resulted in an order closing a state-run institution for developmentally disabled individuals. See Homeward Bound, Inc. v. Hissom Mem'l Ctr., No. 85-C-437-E, 1987 WL 27104 (N.D. Okla. 1987). Pursuant to a consent decree entered while the closing order was on appeal, developmentally disabled individuals were placed in residences and provided services for which the state paid either directly or indirectly. See Johnston v. Volunteers of America Oklahoma, Inc., 213 F.3d 559, 566 (10th Cir. 2000). The plaintiffs in these cases are or were Habilitation Training Specialists ("HTS") and Habilitation Training Specialist Supervisors ("HTSS") or "House Managers" employed by entities which provided supported living services to the disabled individuals.

These plaintiffs seek damages for their employers' alleged failures to pay overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). The employers have claimed to be exempt from paying overtime wages to plaintiffs because of the

"companionship services" exemption found in 29 U.S.C. § 213(a)(15), which exempts payment of overtime wages to employees who provide companionship services for individuals who are unable to care for themselves. To fall within the exemption, a domestic service employee must be providing companionship services in a "private home." 29 C.F.R. § 552.3. The exemption is not applicable if a plaintiff can show that he or she is performing general household services exceeding 20% of the total weekly hours worked or if he or she is "trained personnel, such as a registered or practical nurse." 29 C.F.R. § 552.6.

Defendant Bios Corporation ("Bios") began its operations in Oklahoma in 1990. It did not pay overtime to its HTS and HTSS employees and claimed the FLSA companionship services exemption. In 1992, several Bios employees filed overtime claims with the United States Department of Labor ("DOL"). The DOL investigated and dismissed the claims, finding that the "companionship services" exemption applied.[1] However, Bios' information on this investigation apparently came from a local field investigator of the DOL and not with anyone in the DOL Wage and Hour Division. Bios did not receive consideration from any official in the Wage and Hour Division, nor did Bios seek an opinion letter from the DOL regarding whether Bios' conduct of its operations was in violation of the FLSA.

In May 1995, Northern District of Oklahoma Judge Terence C. Kern ruled that HTS employees from another provider of services similar to those offered by Bios were not employed in

---

[1] Defendant cites to an affidavit from its CEO indicating that the DOL advised Bios in 1992 that Bios qualified for the companionship services exemption. MSJ, Dkt. # 17, Ex. B, ¶6. Defendant also cites to a document obtained in response to a Freedom of Information Action request for a lawsuit brought by other Bios employees. That unsigned, undated document purports to be a "WHISARD Compliance Action Report" by the DOL indicating that the period investigated was from April 15, 1991 to April 15, 1993. Motion, Dkt. # 17, Ex. C, Ex. A.

private homes providing companionship services, and therefore the provider owed overtime pay to its HTS employees. Linn v. Developmental Servs. of Tulsa, Inc., 891 F. Supp. 574 (N.D. Okla. 1995). The Court also held that genuine issues of material fact as to whether the provider's failure to pay overtime was willful precluded summary judgment for the provider on its claim that FLSA two-year statute of limitations applied. Id. at 580. Bios was aware of that ruling, but did not begin to pay overtime wages to its own HTS employees.

In May 1998, Northern District of Oklahoma Judge Sven Erik Holmes ruled that the residences of another provider's clients were "private homes," but that genuine issues of material fact remained as to whether the provider's employees fell within the 20% household work exception, whether the employer committed a willful violation of the FLSA, and whether the employees were entitled to liquidated damages. Terwilliger v. Home of Hope, Inc., 21 F. Supp. 2d 1294 (N.D. Okla. 1998). After a subsequent hearing, Judge Holmes found that plaintiffs failed to meet their burden of proof to establish that the agency committed a willful violation of the FLSA when the agency applied the exemption and did not pay overtime wages to plaintiffs. Terwilliger v. Home of Hope, Inc., 21 F. Supp. 2d 1305 (N.D. Okla. 1998).

Judge Holmes then appointed the undersigned (then a magistrate judge) as a special master to conduct hearings and determine whether the Terwilliger plaintiffs spent more than 20% of the total hours they worked each week performing "general household work" unrelated to the care of the individuals they served. In February 1999, the undersigned reported that none of the plaintiffs had so performed, and recommended that judgment be entered in favor of the agency. Judge Holmes adopted that report and recommendation on April 1, 1999. Terwilliger v. Home of Hope, Inc., 42 F. Supp. 2d 1231 (N.D. Okla. 1999). Terwilliger is relevant because plaintiffs in this case further

allege, at least in their response to the motion for summary judgment, that Bios assigned them specific household cleaning tasks as part of their regular job duties, but that these tasks were not related to the direct care of their assigned consumer. They also allege that they performed this general housework between 25 and 50% of the hours they worked weekly.

Also in April 1999, Judge Kern held that HTS employees from yet another service provider were not providing companionship services in "private homes," and, therefore, the provider owed its HTS employees overtime pay. Johnston v. Volunteers of America Oklahoma, Inc., No. 96-CV-1166-K (N.D. Okla. April 9, 1999), aff'd 213 F.3d 559 (10th Cir. 2000). The decision did not address issues relating to willfulness, the statute of limitations, or liquidated damages. Bios was also aware of that ruling shortly after it was entered, but Bios did not change its policy to begin paying overtime to its HTS and HTSS employees. Bios was also aware of similar suits filed against other providers during this time period. In May 2000, the Tenth Circuit affirmed the Johnston decision. Bios was also aware of that decision shortly after it was issued.

Bios claims that it sought advice in 2000 from its labor and employment attorney regarding the applicability of the "companionship services" exemption to overtime pay of Bios' HTS employees in light of relevant opinions in the Tenth Circuit and the Northern District of Oklahoma after 1992. Bios claims that it made a decision, based upon its counsel's analysis of the holdings in those cases and their applicability to Bios, to continue to claim the protection of the "companionship services" exemption. It is not clear whether this advice was sought before or after another group of Bios employees filed suit against Bios regarding overtime pay in September 2000. See Welding v. Bios Corp., 00-CV-771-EA(M) (N.D. Okla.). Plaintiffs assert that Bios did not provide any documentation regarding its operations to its attorneys nor any information regarding

4

the general household work performed by Bios' employees in the homes they served. Further, plaintiffs argue that neither Bios nor its attorneys conducted a living-unit by living-unit analysis to determine whether the domestic companionship services exemption applied.

In April 2002, the undersigned found that the Welding plaintiffs were not employed in private homes and, thus, Bios owed them overtime pay. Welding v. Bios Corp., 00-CV-771-EA(M) (N.D. Okla. April 4, 2002). As part of that ruling, the Court found that Bios had not acted willfully and, therefore, a two-year statute of limitations applied and plaintiffs were not entitled to liquidated damages. Id. at 11-13. Bios appealed the Court's ruling as to whether Bios was entitled to the companionship services exemption as a matter of law; the Welding plaintiffs did not file a cross-appeal on the issues related to willfulness.

On January 6, 2004, the Tenth Circuit Court of Appeals reversed and remanded for further proceedings consistent with its opinion, which provided guidance to the district court for analyzing whether the companionship exemption applies in these cases. Welding v. Bios Corp., 353 F.3d 1214, 1218-20 (10th Cir. 2004). Part of that guidance required the Court to evaluate each living unit in which the plaintiff employees provide services to developmentally disabled individuals on an individual basis, rather than as a group. Id. at 1218. The Tenth Circuit did not address the related issues regarding Bios' alleged willfulness, the appropriate statute of limitations, or liquidated damages because the Welding plaintiffs did not appeal those issues. See id. at 1216 n.2.

Plaintiffs in this suit claim that they are entitled to overtime pay for work they performed between December 2000 and May 2002. Bios started paying overtime wages to its HTS and HTSS employees in May 2002, but it required these employees to take a cut in pay. Plaintiffs point out that Bios began operations in Tennessee in April 2003 and paid overtime wages to its HTS

5

employees there. They claim that Bios acted willfully in failing to pay overtime and in claiming the companionship services exemption. If Bios willfully violated the FLSA, the three year statute of limitations applies and plaintiffs are entitled to liquidated damages; if not, a two-year statute of limitations applies and plaintiff are not entitled to liquidated damages. See 29 U.S.C. §§ 216(b), 255(a), 260. Plaintiffs filed suit in this Court on December 5, 2003; hence, they claim that the two year statute of limitations would permit claims from December 2001 forward, and the three-year statute of limitations would permit claim from December 2000 forward.

Bios argues that plaintiffs Katherine Crane and Ronald Snoddy were not employed by defendant during any relevant time period and, thus, their claims are barred by the statute of limitations. Similarly, Bios argues that the statute of limitations bars the claims of plaintiff Erica Kay Anderson because she was not employed by Bios at any time in the two years preceding her joinder in this action. Additionally, Bios contends that it has not acted willfully in claiming its entitlement to the "companionship services" exemption to the overtime compensation requirements of the FLSA and, thus, it is not subject to a three-year statute of limitations and liquidated damages.

Plaintiffs claim that Crane worked for Bios until in or about April 2002; that Snoddy worked for Bios until in or about June 2001, and that Anderson worked for Bios until in or about May 2001. These individuals filed consents to join this action on April 8, 2004. Plaintiffs argue that Bios' actions were willful as Bios showed reckless disregard for whether its conduct was prohibited by the FLSA. In particular, they argue that the conclusions of a local DOL office investigator are not the acts of the DOL and, hence, Bios has no "reliance" defense; that Bios cannot show that it took proper steps to determine if its actions were in violation of the FLSA; and that Bios failed to

6

consider the effect of the "general household" work exception to the companionship services exemption.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review,

the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

As an initial matter, there has been no finding in this matter that Bios has violated the FLSA by claiming the companionship services exemption and not paying overtime wages to its domestic service HTS and HTSS employees. The merits of plaintiffs' claims are not yet at issue. The issue is whether a two-year or three-year statute of limitations applies and whether plaintiffs would be entitled to liquidated damages if plaintiffs succeed on their claim that the companionship services exemption does not apply to their employment with Bios.

The applicable law was set forth in Terwilliger years ago:

> Under the standard for a "willful" violation under the FLSA, the Plaintiffs must prove that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). Negligence or an incorrect assumption that a pay plan complies with the FLSA do not meet the criteria for a willful violation of the FLSA. Id. The burden is on the employee to prove that the employer committed a willful FLSA violation. Gilligan v. City of Emporia, Kan., 986 F.2d 410, 413 (10th Cir.1993).

Terwilliger, 21 F. Supp.2d at 1308. The law has not changed since that time. See Pabst v. Oklahoma Gas & Elec. Co., 228 F.3d 1128, 1137 (10th Cir. 2000). The same "willfulness standard for the statute of limitations issue applies to the liquidated damages issue." Terwilliger, 21 F. Supp. 2d at 1303 (quoting Brinkman v. Department of Corrections of the State of Kan., 21 F.3d 370, 373 (10th Cir. 1994)). As to liquidated damages, however, the burden is on the employer:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that

> his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260; Pabst, 228 F.3d at 1136-37.

The evidence shows that the DOL conducted a "full investigation" by the Oklahoma Field Office/Tulsa of claims by Bios employees that they were entitled to overtime pay, and the DOL found that the "companionship services" exemption applied. However, Bios was not entitled to rely on the DOL finding as there is no evidence that it was a formal ruling or opinion issued by the Administrator of the DOL Wage and Hour Division. See United States v. Stocks Lincoln-Mercury, 307 F.2d 266, 272 (10th Cir. 1962) (employer not entitled to rely on letter from DOL field office supervisor); see also Renfro v. City of Emporia, Kan., 948 F.2d 1529, 1541 (10th Cir. 1991) (oral opinion from DOL inadequate). Nonetheless, Bios' failure to seek an opinion letter from the DOL regarding the alleged violations does not necessarily show "reckless disregard," especially since Bios eventually did seek the advice of its labor and employment attorney after two judges in this district reached differing conclusions as to whether the companionship exemption applied in particular cases. See Sanders v. Elephant Butte Irr. Dist. of New Mexico, 112 F.3d 468, 471 (10th Cir. 1997) (defendant failed to obtain a legal opinion of a lawyer or consult those who administer the FLSA); Doty v. Elias, 733 F.2d 720, 725-26 (10th Cir. 1984) (defendant "admitted that he never sought an opinion from an attorney or the relevant government agency regarding the legality of his method of compensating this employees"). One of the judges of this district found, in particular, that plaintiff employees has not shown that their employer had willfully violated the FLSA in its use of the companionship services exemption despite the plaintiff employees' contention that they were

9

performing general household work in excess of 20% of the total hours they worked each week. Terwilliger, 21 F. Supp. 2d at 1308.

Numerous cases have held that a trial court may properly exercise its discretion in refusing to award liquidated damages in a suit for additional wages under the FLSA where the employer relies on the advice of counsel, e.g., Van Dyke v. Bluefield Gas Co., 210 F.2d 620, 622 (4th Cir. 1954); Foremost Dairies, Inc. v. Ivey, 204 F.2d 186, 190 (5th Cir. 1953); Masters v. City of Huntington, 800 F. Supp. 355, 362 (S.D. W. Va. 1992), especially where the law is unsettled, see Kinney v. Dist. of Columbia, 994 F.2d 6, 12-13 (D.C. Cir. 1993); Quirk v. Baltimore County, Md., 895 F. Supp. 773, 788 (D. Md. 1995), or fact-sensitive, as here, see Pabst, 228 F.3d at 1137; Bond v. City of Jackson, Miss., 727 F. Supp. 1516, 1519 (S.D. Miss. 1989); Kimball v. Goodyear Tire and Rubber Co., 504 F. Supp. 544, 549 (E.D. Tex. 1980). Plaintiffs challenge the advice of Bios' counsel, alleging that it was not based on documentation regarding Bios' operations, and the analysis was not done on a house-by-house basis. Until the Tenth Circuit decision in Welding, however, there was no requirement that the analysis be house-by-house, i.e., living unit by living unit. Similarly, the fact that Bios may not have asked its attorney to analyze whether the general household work exception applied is not evidence of willfulness, given the Terwilliger decisions on that issue.

The unsettled nature of the law in this case led this Court to find, in Welding v. Bios Corp., 00-CV-771-EA(M) (N.D. Okla. April 4, 2002), that Bios' actions were not willful, the two-year statute of limitations applied, and the Welding plaintiffs were not entitled to liquidated damages. This Court wrote: "As Bios argues, its obligation to pay overtime was far from clear, given the split of authority in this district as to whether service providers for the developmentally disabled were

10

required to pay overtime to their HTS staff." Id. at 13. Following this decision, the Eastern District of Oklahoma granted partial summary judgment on the issues of willfulness, the statute of limitations and liquidated damages, noting that the companionship exemption was the subject of many discussions among providers throughout the Tulsa area. Fowler v. INCOR, Inc., CIV 03-321-WH (E.D. Okla. July 8, 2004).

> In short, the Court sees no evidence that the Defendants acted willfully. These are highly complex matters. Defendants should not be found to have engaged in willful conduct simply because they are alleged now to have been unable to follow convoluted and complex regulations promulgated by Congress and the Department of Labor. Complexity of the law is a factor which may be considered in determining the willfulness of a defendant's conduct.

Id. at 7 (citation omitted).

The Court finds that plaintiffs have not met their burden of proving that Bios' actions at the time of its decision not to pay overtime wages to its employees constituted a "willful" violation under the FLSA. Conversely, Bios has shown to the satisfaction of the Court that its decision to claim the companionship services exemption was in good faith and that it had reasonable grounds for believing that its action was not a violation of the FLSA. The determining factor, and the basis of these findings, is what Bios knew at the time it claimed the companionship services exemption. The facts show that, in the 1992-1993 time period of the DOL investigation into Bios' conduct, there were no definitive decisions in this district interpreting the companionship services exemption which would have led Bios to believe that its failure to pay overtime wages was unlawful. Bios' decision not to begin paying overtime wages in 1995 after the Linn decision does not show that Bios knew or showed reckless disregard for whether its conduct, in claiming the companionship services exemption and failing to obtain a formal DOL opinion, was prohibited by the FLSA, given the fact-specific nature of the inquiry that led to the court's determination that the Linn plaintiffs were

entitled to overtime pay. At most, Bios' decision may have constituted negligence or an incorrect assumption that the Bios pay plan complied with the FLSA, especially since Bios could have considered that assumption correct after the Terwilliger decisions in 1998 and 1999. The Johnston decisions further "muddied the waters" in this area of the law and in this district in 1999 and 2000. Soon thereafter Bios inquired of its legal counsel as to whether its practice of not paying overtime wages complied with the FLSA and, based upon the advice of counsel, Bios determined to continue claiming the companionship services exemption. When this Court issued the Welding decision adverse to Bios in 2002, Bios began paying overtime wages, and even that decision was subsequently reversed in favor of Bios in 2004. This Court simply cannot find that Bios willfully violated unclear and conflicting law on the applicability of the companionship services exemption to domestic service employees for the developmentally disabled; nor can it find that plaintiffs are entitled to liquidated damages. Accordingly, a two-year statute of limitations applies.

The Fowler court rejected the argument that the two-year statute of limitations begins to run on the date of the filing of the original complaint. The court explained that, pursuant to 29 U.S.C. § 256, the date is calculated from the date each plaintiff was added as a party either by amended complaint or written consent. Plaintiffs Snoddy, Anderson and Crane filed consents to join this action on April 8, 2004. Since plaintiffs Snoddy and Anderson stopped working for Bios prior to April 8, 2002, their claims are barred. The record on summary judgment does not indicate the exact date in April 2002 that plaintiff Crane's employment with Bios ended; hence, the Court cannot determine at this time whether her claims are barred.

**IV.**

**IT IS THEREFORE ORDERED** that Bios' Motion for Summary Judgment Against Plaintiffs Crane, Snoddy and Anderson and for Partial Summary Judgment on the Question of Willfulness (Dkt. # 17) is **granted in part and denied in part:** it is granted as to the claim by all plaintiffs that Bios acted willfully; thus, a two-year statute of limitations applies and plaintiffs are not entitled to liquidated damages in the event they prevail on the merits; it is granted as to all claims by plaintiffs Snoddy and Anderson as the statute of limitations has run on those claims; it is denied as to plaintiff Crane's claims other than those related to the issues of willfulness, the statute of limitations, and liquidated damages.

**DATED** this 9th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT